■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER MICHAEL FERRARO, Appellant.— HERLIHY, J. Appeal from a judgment of conviction of the crime of grand larceny, second degree. While the parties argue the merits of the conviction for assault, third degree, the notice of appeal is directed solely to the judgment of conviction of the crime of grand larceny, second degree and, accordingly, our consideration is directed to that issue. It further appears that the sentence imposed must, of necessity, have been for the felony conviction. We would note, however, that from a reading of the record, the requisite proof for the conviction on the assault charge was fully established. The defendant on December 13, 1966 at about 12:30 A. M. accompanied by two men and a young lady (identified as his cousin) entered the Vineyard Restaurant in the City of Kingston. It would appear that all of them had prior thereto consumed a considerable amount of alcoholic beverages. Shortly after arrival the defendant became embroiled in an argument with the bartender which resulted in his hurdling the bar and assaulting the said bar-

tender. A considerable amount of interplay occurred in the furtherance of the assaultive attack with the defendant and his party being in the restaurant alone; attempts to open the cash register by one of his companions; and the eventual realization by the owner of the establishment that the cash register had indeed been opened and the contents thereof removed. As to the defendant, there is testimony that he was behind the bar; that one of his companions attempted unsuccessfully to open the register; that thereafter the defendant was either alone or with one of his companions behind the bar; that a fingerprint of said defendant was taken from the said register. There was evidence by the tape on the cash register of attempts to open the same, apparently prior to striking the operative key, and as to the finding on defendant's person at the time of his arrest shortly after the incident the sum of $137 " crumpled up in his pocket ". The divorced wife of the defendant, testifying in his behalf, stated that on the morning of December 12 she had given him over $150. There were no exceptions to the charge of the court and the request to charge as to the degree of larceny applicable was granted. The question then is whether there was direct and circumstantial evidence from which the jury could find the defendant guilty of grand larceny in the second degree beyond a reasonable doubt. Upon the present record, while the question of defendant's guilt as to larceny was indeed a close question of fact, we are not inclined to interfere with the verdict of the jury where there was no substantial error. Absolute certainty is not required when the evidence logically points to the defendant's guilt. The fact that an indictment was returned against another of his companions for the same charge cannot operate in the defendant's favor nor raise a reasonable hypothesis of his innocence. There is only one alleged error which requires comment. The third and fourth counts of the indictment refer to events which took place following the arrest of the defendant at police headquarters and at the city jail. Prior to the commencement of the trial the attorney for the defendant moved that these counts be severed, which motion was denied, although it would appear in retrospect that the motion should have been granted. The court did eventually grant the severance and also dismissed the fifth count of the indictment at the close of the People's case. No evidence was presented on the trial in reference to any of these counts. The error, if any, in the present circumstances was corrected when the court in the opening statement of the charge to the jury made it crystal clear that the only matters for the jury's consideration consisted of the larceny and assault charges and there is no reason to suspect on this record that the jury disregarded the charge. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.